UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10643-GAO

SECURITIES AND EXCHANGE COMMISSION,
Plaintiff,

v.

AUTOCHINA INTERNATIONAL LIMITED, HUI KAI YAN, RUI GE DONG, VICTORY FIRST LIMITED, RAINBOW YEILD LIMITED, YONG QI LI, AI XI JI, YE WANG, ZHONG WEN ZHANG, LI XIN MA, YONG LI LI, and, SHU LING LI,
Defendants.

OPINION AND ORDER
January 24, 2013

O'TOOLE, D.J.

The Securities and Exchange Commission brought this action against the AutoChina International Limited, a company based in the People's Republic of China, two Virgin Islands companies, and a number of individuals residing in China, alleging multiple counts of securities fraud. The complaint arises out of the allegation that the defendants created multiple trading accounts in order to effectuate "match trades" and "wash orders" of AutoChina stock. AutoChina is a Cayman Islands corporation, with operations and offices in China, and its stock is traded on the NASDAQ exchange. The alleged purpose of the scheme was to create the appearance that AutoChina stock was both liquid and stable in order to facilitate financing secured by AutoChina stock. One of the defendants, AutoChina[1], has moved to dismiss for lack of venue or, in the alternative to transfer the case to the Southern District of New York.

---

[1] AutoChina is the only defendant who currently has been served as of 10/2/12.

**I.     Motion to Dismiss**

The complaint asserts that venue is established both under the Securities Act of 1933 (15 U.S.C. § 77v) and the Securities and Exchange Act of 1934 (15 U.S.C. § 78aa). It is only necessary to address the latter because it is broader of the two.

Because the defendants all reside and transact business outside of the United States, venue may be laid in any "district wherein any act or transaction constituting the violation occurred." 15 U.S.C. § 78aa. This provision has been construed very broadly; "To establish venue under [§78aa], it is only necessary to show that an act in furtherance of the unlawful plan was committed within the district. . . . The venue-sustaining act need not constitute the core of the alleged violation, nor even be illegal, so long as it represents more than an immaterial part of the alleged violations." S-G Secur., Inc. v. Fuqua Inv. Co., 466 F. Supp. 1114, 1121 (D. Mass 1978). "There is venue in a securities case 'where a defendant causes false or misleading information to be transmitted into a judicial district, even if the defendant never has been physically present in that district.'" Fox v. Dream Trust, 743 F. Supp. 2d 389, 396 (D.N.J. 2010) (quoting Oxford First Corp. v. PNC Liquidating Corp., 372 F. Supp. 191, 197 (E.D. Pa. 1974)).

The SEC contends that the defendants committed the alleged fraud in this case by manipulation of market trades. The aggressive, but contrived, "match trades" and "wash orders" themselves communicated the allegedly fraudulent representation: that AutoChina stock was traded freely and would hold value.

AutoChina argues that venue is improper because no specific act by any defendant was alleged to have occurred in Massachusetts. The proper question is not just where the defendants acted, but whether the defendants knew or had reason to know that the misleading manipulation would be communicated to and relied upon by market participants within the forum. See Fox,

743 F. Supp. 2d at 396 n.4. That proposition is sufficiently alleged and supported by the SEC. During the time in question, Massachusetts-domiciled broker-dealer Fidelity Investments was a market-maker for AutoChina's equity shares, NASDAQ OMX BX (formerly the Boston Stock Exchange) matched transactions in AutoChina's stock, and Fidelity Management & Research Co., a Massachusetts corporation, was the third largest institutional holder of AutoChina stock. The defendants' trading scheme, as it is alleged by the SEC, had a significant relationship to Massachusetts, and venue is proper here. The motion to dismiss for lack of venue is DENIED.

## II.    Motion to Transfer

In the alternative, AutoChina has also moved pursuant to 28 U.S.C. § 1404(a) to transfer the case to the Southern District of New York. The primary argument is that New York will be more convenient for the defendants, all of whom live in China, and for the presumptive defense witnesses who will also likely be residents of China.

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 12 (1st Cir. 2009) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).  The party seeking to transfer the case has the burden of overcoming a strong presumption in favor of keeping the case in the forum that the plaintiffs chose. Astro-Med, 591 F.3d at 13.

The defendants have not shown that the Southern District of New York will be more convenient for the parties. The defendants have no greater connection to New York than to Massachusetts. As for convenience, the defendant's own exhibit shows less expensive travel from China to Boston than from China to New York. Also, since the investigation has been

conducted by the Boston office of the SEC, that convenience also counsels keeping the case here. The motion to transfer is DENIED.

### III.  Conclusion

For the reasons provided herein, AuthoChina's Motion to Dismiss for Lack of Venue or, in the Alternative to Transfer the Case to the Southern District of New York. (dkt. no. 12) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge